| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY GLASS, INC., et al.,<br><br>Defendants. | Case No. 1:19-cv-00376-LJO-BAM<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO SERVE DEFENDANT DISCOVERY GLASS, INC. THROUGH CALIFORNIA SECRETARY OF STATE<br><br>(Doc. No. 18) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff James River Insurance Company ("Plaintiff") seeks an order allowing it to serve Defendant Discovery Glass, Inc. ("DGI") by serving the California Secretary of State pursuant to California Corporations Code section 1702(a) and (d). (Doc. No. 18.) For the reasons stated, Plaintiff's request shall be granted.

**BACKGROUND**

On May 31, 2019, Plaintiff filed the instant request to serve DGI, a suspended California corporation, through the California Secretary of State. (Doc. No. 18.) In support of the request, Plaintiff's counsel, Ray Tamaddon, filed a declaration indicating that the California Secretary of State's website identifies DGI as a suspended corporation and DGI's registered agent for service of process is Kenneth W. Pizl, located at 820 Petrig Street, Tracy, California 95376. Tamaddon Decl. ¶¶ 3, 5. Additionally, the California Secretary of State's website lists a designated physical

address for DGI as 23755 Chrisman Rd., Tracy, California 95304. Id. at ¶ 4.

Mr. Tamaddon states that Nationwide Legal, LLC ("Nationwide") was hired to serve the First Amended Complaint and summons on DGI. Id. at ¶ 6. On May 6, 2019, at 2:16 p.m., Nationwide attempted to serve DGI at its designated address of 23755 Chrisman Rd. The attempt was unsuccessful, and Nationwide noted that the building was vacant and appeared to bear the names of businesses other than DGI. Id. at ¶ 7 and Ex. C. On May 22, 2019, at 2:00 p.m., Nationwide attempted to serve DGI's designated agent for service, Kenneth W. Pizl, at his last known address of 820 Petrig Street. The blinds were closed, there was no answer at the door and there was no activity seen or heard. Id. at ¶ 8 and Ex. D. On May 23, 2019, Nationwide attempted to serve DGI's designated agent for service, Kenneth W. Pizl, at his last known address of 820 Petrig Street. According to the male resident of the household, Mr. Pizl had not lived at that address for some time. Id. at ¶ 9 and Ex. D.

Mr. Tamaddon also states that he is personally aware that in the underling state court action, which is the subject of the instant declaratory relief action, one of the parties, T.B. Penick & Sons, Inc., was similarly unsuccessful in service DGI. Based on the pleadings in the state court action, Mr. Tamaddon represents that it appears T.B. Penick & Sons, Inc. received state court leave to serve DGI through the California Secretary of State. Id. at ¶ 10.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4 allows for service of a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows for service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, a court may order, under certain circumstances, that service be made on a corporation by hand-delivery of process and an order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702. Section 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has

2

been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code 1702(a).

Based on California Corporations Code § 1702(a), Plaintiff must demonstrate by affidavit the inability with reasonable diligence to effect service on the designated agent in the matter provided in California Code of Civil Procedure section 415.10, 415.20(a) or 415.30(a) or on the corporation in the manner provided in section 416.10 or 416.20(a).[1] In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal.App.4th 1126, 1137 (1996).

## DISCUSSION

Plaintiff took reasonable steps to determine the identity of the agent for service of process and his location, as well as the address at which the defendant corporation is registered. Plaintiff then attempted to serve Mr. Pizl, the registered agent for service, at the address designated for personal delivery. Plaintiff's attempts were unsuccessful, and the process server was informed that Mr. Pizl had not resided at the designated address for some time. Plaintiff also attempted to

---

[1] For serving a designated agent, section 415.10 of the California Code of Civil Procedure provides for service of a summons by personal delivery. Section 415.20 provides for service by delivery to someone else at the party's usual residence or place of business with subsequent mailing (known as "substitute service"). Cal. Civ. Proc. Code § 415.20(a). Section 415.30 provides for service by mail with acknowledgment of receipt. *Id.* at § 415.30(a).
For a domestic corporation, section 416.10 of the California Code of Civil Procedure provides for service to the agent for service of process or to the company's chief executive officers. Cal. Civ. Proc. Code § 416.10. Section 416.20 provides for service by delivery to a trustee of the corporation. *Id.* at § 416.20(a).

3

serve DGI at the address designated with the Secretary of State. However, the building at the listed address was vacant and appeared to bear the names of other businesses, not DGI. It therefore appears that DGI, a suspended corporation, is no longer an on-going business concern and that attempting service on the corporation itself may not be possible.

**CONCLUSION AND ORDER**

In light of the circumstances presented here, including Plaintiff's unsuccessful efforts to serve the registered agent and DGI, and information indicating that the state court has authorized service of DGI through the Secretary of State in the underlying action, Plaintiff's application to serve DGI through the California Secretary of State is GRANTED. Service must comply with California Corporations Code § 1702(a), which provides that service may be made by delivering a copy of the process for each defendant to be served, together with the order authorizing such service, by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy. Cal. Corp. Code. § 1702(a).

IT IS SO ORDERED.

Dated: **June 6, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE